UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROGELIO GONZALEZ**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 21-1155**

**DARRYL VANNOY, WARDEN**                               **SECTION: "G"(1)**

## ORDER AND REASONS

Before the Court are Petitioner Rogelio Gonzalez's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to this case.[1] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] The Magistrate Judge recommended that the claims challenging his conviction for sexual battery of a juvenile be dismissed without prejudice for lack of subject matter jurisdiction, and that the claims challenging his conviction for aggravated rape of a juvenile be dismissed with prejudice.[3] Petitioner objects to the Magistrate Judge's Report and Recommendation.[4] After reviewing the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court overrules Petitioner's objections, adopts the Magistrate Judge's recommendation, and dismisses this action with prejudice as to the challenge to his aggravated rape of a juvenile conviction and without prejudice as to the challenge to his sexual battery of a juvenile conviction.

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 1.

[3] Rec. Doc. 11.

[4] Rec. Doc. 12.

1

## I. Background

*A.    Factual Background*

On October 16, 2013, Petitioner was convicted of aggravated rape of a juvenile and sexual battery of a juvenile following a bench trial in the Twenty-Fourth Judicial District Court.[5] On November 14, 2013, Petitioner was sentenced to a term of life imprisonment on the aggravated rape conviction and 25 years imprisonment on the sexual battery conviction to be served concurrently and without the benefit of parole, probation, or suspension of sentence.[6] After Petitioner was granted an out-of-time appeal,[7] the Louisiana Fifth Circuit Court of Appeal affirmed both of Petitioner's convictions and the sentence on the aggravated rape conviction.[8] However, the appellate court vacated the sentence on the sexual battery conviction and remanded the matter for resentencing.[9] On September 23, 2016, the Louisiana Supreme Court denied Petitioner's related writ application.[10]

In the interim, on January 7, 2016, the state trial court resentenced Petitioner to a concurrent term of ten years imprisonment without benefit of parole, probation, or suspension of sentence on the sexual battery conviction.[11] After he was granted another out-of-time appeal,[12] the Louisiana

---

[5] State Rec., Vol. VI of VIII, Oct. 16, 2013 Trial Transcript at 47–48; State Rec., Vol. I of VIII, Oct. 16, 2013 Minute Entry.

[6] State Rec., Vol. VI of VIII, Nov. 14, 2013 Sentencing Transcript; State Rec., Vol. I of VIII, Nov. 14, 2013 Minute Entry.

[7] State Rec., Vol. I of VIII, Sept. 12, 2014 Order.

[8] *State v. Gonzalez*, 15-KA-26 (La. App. 5 Cir. 8/25/2015), 173 So. 3d 1227.

[9] *Id.*

[10] *State v. Gonzalez,* No. 2015-KO-1771 (La. 9/23/2016); State Rec., Vol. VII of VIII.

[11] State Rec., Vol. II of VIII, Jan. 7, 2016 Minute Entry.

[12] State Rec., Vol. III of VIII, Mar. 2, 2017 Order.

Fifth Circuit Court of Appeal affirmed the ten-year sentence.[13] Thereafter, the Louisiana Supreme Court denied Petitioner's related writ application.[14]

Petitioner then filed an application for post-conviction relief with the state trial court,[15] which was denied.[16] Petitioner's related writ applications were likewise denied by the Louisiana Fifth Circuit Court of Appeal[17] and the Louisiana Supreme Court.[18]

On June 7, 2021, Petitioner filed the instant federal application for habeas corpus relief alleging that: (1) his trial counsel was ineffective in numerous respects; and (2) his ten-year sexual battery sentence was unconstitutionally excessive.[19] The State filed a response conceding that the application was timely, but arguing that Petitioner is not entitled to relief because: (1) he is no longer in custody with respect to the sexual battery conviction and (2) his ineffective assistance of counsel claims have no merit.[20]

### B.    Report and Recommendation Findings

On May 31, 2022, the Magistrate Judge recommended that the claims challenging Petitioner's conviction for sexual battery of a juvenile be dismissed without prejudice for lack of

---

[13] *State v. Gonzalez,* 17-KA-249 (La. App. 5 Cir. 11/15/2017); 231 So. 3d 954.

[14] *State v. Gonzales* [sic], 17-KO-2128 (La. 9/14/2018); 252 So. 3d 480.

[15] State Rec., Vol. III of VIII, Application for Post-Conviction Relief.

[16] State Rec., Vol. IV of VIII, Oct. 7, 2020 Order.

[17] *Gonzalez v. Vannoy,* No. 20-KH-401 (La. App. 5 Cir. 12/8/2020); State Rec., Vol. IV of VIII.

[18] *Gonzalez v. Vannoy,* 21-KH-266 (La. 4/27/2021); 314 So. 3d 829.

[19] Rec. Doc. 1.

[20] Rec. Doc. 9.

subject matter jurisdiction, and that the claims challenging his conviction for aggravated rape of a juvenile be dismissed with prejudice on the merits.[21]

First, the Magistrate Judge found that this Court lacked subject matter jurisdiction over Petitioner's challenge to his sexual battery conviction since Petitioner was no longer "in custody" because his sentence for this conviction had expired prior to filing this action.[22] The Magistrate Judge found that this Court lacks subject matter jurisdiction to entertain these claims and recommended that they be dismissed without prejudice.[23] For this reason, the Magistrate Judge did not address Petitioner's claim that his ten-year sentence on the sexual battery conviction was excessive.[24]

Next, the Magistrate Judge addressed Petitioner's claims alleging ineffective assistance of counsel. The Magistrate Judge rejected Petitioner's argument that trial counsel was ineffective for failing to consult Petitioner on his right to a jury trial, since Petitioner did not set forth facts and evidence that he was prejudiced and counsel's recommendation to elect a bench trial was sound advice.[25]

The Magistrate Judge also rejected Petitioner's claims alleging that trial counsel was ineffective for failing to argue that trying Petitioner for both aggravated rape and sexual battery constituted double jeopardy.[26] The Magistrate Judge calls attention to the fact that aggravated rape and sexual battery are distinct offenses and trying Petitioner for both offenses did not violate

---

[21] Rec. Doc. 11.

[22] *Id.* at 3–4.

[23] *Id.* at 4.

[24] *Id.* at 24.

[25] *Id.* at 15–16.

[26] *Id.* at 17–18.

double jeopardy.[27] Thus, the Magistrate Judge found trial counsel cannot be deemed ineffective for failing to make that argument.[28]

Finally, the Magistrate Judge addressed Petitioner's arguments that trial counsel was ineffective for failing to secure and call an expert witness for his defense, and for failing to request a *Daubert* hearing on the testimony of the State's expert witness.[29] With respect to the claim concerning the failure to call an expert witness, the Magistrate Judge found that Petitioner failed to meet his burden of proof since he did not show that such a proposed expert witness would have been available to testify at trial and would have testified in a manner beneficial to the defense.[30] Concerning trial counsel's failure to request a *Daubert* hearing, the Magistrate Judge found that the expert's testimony was minimal, and Petitioner was in no way prejudiced by the lack of a *Daubert* hearing.[31] For these reasons, the Magistrate Judge recommended that the claims challenging his conviction for sexual battery of a juvenile be dismissed without prejudice for lack of subject matter jurisdiction, and that the claims challenging his conviction for aggravated rape of a juvenile be dismissed with prejudice.[32]

---

[27] *Id.*

[28] *Id.* at 19.

[29] *Id.* at 19–24.

[30] *Id.* at 20.

[31] *Id.*

[32] *Id.* at 24.

## II. Objections

A.     *Petitioner's Objections*

Petitioner objects to the Report and Recommendation *in extenso*.[33] First, Petitioner asserts that the Magistrate Judge attacked the habeas corpus petition under the standards of a professional attorney, and that his efforts, as a *pro se* petitioner, should be liberally construed.[34] Petitioner then argues that the Magistrate Judge adopted the State's arguments, which mischaracterize and misconstrue the issues presented.[35] Petitioner maintains his original arguments and requests a *de novo* review of the claims, or alternatively, an evidentiary hearing.[36]

B.     *State's Opposition*

The State of Louisiana did not file a brief in opposition to the Petitioner's objections despite receiving notice of the filing.

## III. Standard of Review

A.     *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[37] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected

---

[33] Rec. Doc. 12 at 1.

[34] *Id.* at 2.

[35] *Id.*

[36] *Id.* at 3.

[37] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

to."[38] The District Court's review is limited to plain error for parts of the report which are not properly objected to.[39]

## B.   Standard of Review Under the AEDPA

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under law."[40] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[41] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[42]

Regarding this standard, the United States Court of Appeals for the Fifth Circuit has explained:

> A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct

---

[38] Fed. R. Civ. P. 72(b)(3).

[39] *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[40] *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403–404 (2000)).

[41] 28 U.S.C. § 2254(d)(2).

[42] *Id.* § 2254(d)(1).

governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[43]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[44] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[45]

### IV. Law and Analysis

#### A.   *Ineffective Assistance of Counsel Claims*

Petitioner objects to the Magistrate Judge's finding that Petitioner is not entitled to relief on his ineffective assistance of counsel claims. To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[46] If a court finds that a petitioner fails on either of these two prongs, it may dispose of the ineffective assistance claim without addressing the other prong.[47] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[48] A petitioner must show that the conduct was so egregious that it failed to meet the constitutional

---

[43] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[44] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[45] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[46] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[47] *Id.*

[48] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

minimum guaranteed by the Sixth Amendment.[49] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[50] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[51] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[52]

When a petitioner's ineffective assistance of counsel claims on federal habeas corpus review are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—a substantially higher threshold."[53] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[54] Thus, this standard is considered "doubly deferential" on habeas corpus review.[55] Petitioner raises three ineffective assistance of counsel claims, all of which were rejected by the state trial courts. Each of Petitioner's claims is addressed in turn.

---

[49] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[50] *See Strickland*, 466 U.S. at 690.

[51] *Id.* at 694.

[52] *Id.*

[53] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)) (internal quotation marks omitted).

[54] *Id.*

[55] *Id.*

### 1.   Failure to Consult on Petitioner's Right to a Jury Trial

First, Petitioner asserts that, trial counsel was ineffective for failing to consult with Petitioner on his right to a jury trial.[56] He further alleges "that his trial counsel did not give him a choice of whether to assert his right to a jury trial, but told him that he had to go to a judge trial in his situation, but was better off anyway, since the judge knew the law better than 12 average people as jurors."[57] The record reflects that prior to trial the judge, through an interpreter, independently advised Petitioner of his right to a trial by jury, and Petitioner stated on the record that he wanted a bench trial.[58] Moreover, Petitioner bears the burden to demonstrate that it is reasonably likely that "a different factfinder (i.e. a jury)" would have arrived at a different outcome.[59] Petitioner has not alleged sufficient facts upon which the Court could rely to find that a jury would have rendered a different verdict. Therefore, Petitioner has not shown that trial counsel's advice was unreasonable under the circumstances.

### 2.   Failure to Raise Double Jeopardy

Next, Petitioner claims that his counsel was ineffective for failing to argue that trying him for both aggravated rape and sexual battery constituted double jeopardy.[60] The Fifth Amendment to the United States Constitution provides that no person shall be "subject for the same offenses to be twice put into jeopardy of life or limb." The Double Jeopardy Clause protects "against the imposition of multiple criminal punishments for the same offense."[61]

---

[56] Rec. Doc. 1 at 5.

[57] *Id.*

[58] State Rec., Vol. V of VIII, Oct. 15, 2013 Transcript at pp. 8–9.

[59] *Green v. Lynaugh*, 868 F.2d 176, 178 (5th Cir. 1989).

[60] Rec. Doc. 1 at 6.

[61] *Hudson v. United States*, 522 U.S. 93, 99 (1997) (internal citations omitted).

Courts apply the test set forth by the Supreme Court in *Blockburger v. United States* to determine whether two different statutes punish the same offense.[62] *Blockburger* requires the Court to compare the two statutes at issue to determine "whether each provision requires proof of an additional fact which the other does not."[63] "The *Blockburger* inquiry focuses on the statutory elements of the offenses, not on their application to the facts of a specific case before the court."[64] "Thus, the question is not whether this violation of [the first statute] also constituted a violation of [the second statute], but whether all violations of the former statute constitute violations of the latter."[65]

Here, Petitioner was charged with both aggravated rape of a juvenile and sexual battery of a juvenile. Louisiana law required proof of distinct elements for each of these offenses. Aggravated rape required both that the offender and the victim had "anal, oral, or vaginal sexual intercourse" with penetration and that the victim be under the age of thirteen,[66] while sexual battery did not require proof of either of these elements. Sexual battery required both that the act include "the intentional touching of the anus or genitals of the victim" and that the offender not be the victim's spouse,[67] while neither of these elements were found in the aggravated rape statute. The two offenses are predicated on distinct acts. Thus, they are not the "same offense" under *Blockburger*. As such, the prohibition against double jeopardy was not violated, and the trial counsel cannot be deemed ineffective for failing to raise this argument at trial.

---

[62] 284 U.S. 299 (1932).

[63] *United States v. Singleton*, 16 F.3d 1419, 1422 (5th Cir. 1994) (quoting *Blockberger*, 284 U.S. at 304).

[64] *Id.*

[65] *Id.*

[66] La. Rev. Stat. § 14:42 (effective to August 14, 2006).

[67] La. Rev. Stat. Ann. § 14:43.1 (effective to August 14, 2006).

### 2.     Failure to Call an Expert Witness or Request a *Daubert* Hearing

Lastly, Petitioner argues that his trial counsel was ineffective for (1) failing to secure and call an expert witness for the defense and (2) failing to request a *Daubert* hearing with respect to the testimony of the State's expert witness.[68]

"Claims that counsel failed to call witnesses are not favored on federal habeas review because the presentation of witnesses is generally a matter of trial strategy and speculation about what witnesses would have said on the stand is too uncertain."[69] To succeed on such a claim, Petitioner must: (1) name the witness; (2) demonstrate that the witness was available to testify and would have done so; (3) set forth the content of the witness's proposed testimony; and (4) show that the testimony would have been favorable to a particular defense.[70] This requirement applies to both uncalled lay and expert witnesses.[71] Here, Petitioner has not named an expert or shown that they would have been available to testify. Petitioner does "not present any evidence or allegations concerning what the expert would have stated, or what results [any] scientific tests would have yielded."[72] Therefore, he has not met his burden with respect to this claim.

Petitioner also asserts that trial counsel was ineffective for failing to request a *Daubert* hearing as to the State's expert witness, specifically as to her testimony on "delayed disclosure" and Child Sexual Abuse Accommodation Syndrome ("CSAAS") phenomena. Petitioner's

---

[68] Rec. Doc. 1 at 8.

[69] *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010) (citing *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)).

[70] *Id.* (citing *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009)).

[71] *Id.*

[72] *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002).

argument is incorrect as it relates to the CSAAS phenomena because the record reflects that the expert presented no such evidence at trial.

The expert did mention delayed disclosure, stating:

> Children, especially young children, when something occurs to them, they're not always sure what to do. They're not sure if they're going to be believed, protected, blamed. And they're not – oftentimes, understanding of the actual act itself, and the seriousness of it. And sometimes it takes them getting a little older, learning a little more to understand the significance of what happened to them.[73]

Considering the limited nature of this testimony, Petitioner has not shown how he was prejudiced by trial counsel's failure to request a *Daubert* hearing. Petitioner has not demonstrated that, even if trial counsel had insisted on a *Daubert* hearing, the result in this case would have been different.

For the foregoing reasons, Petitioner has not demonstrated that the state court's denial of relief on his ineffective assistance of counsel claims was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

### B. *Excessive Sentence*

Petitioner argues that his ten–year sentence on the sexual battery conviction was excessive.[74] As discussed above, Petitioner's sentence on the sexual battery conviction fully expired prior to the filing of the instant federal habeas petition. Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States."[75] The United States Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be

---

[73] State Rec., Vol. V of VIII, Oct. 15, 2013 Transcript at p. 51.

[74] Rec. Doc. 1. at 9–10; Rec. Doc. 1-1. at 34–36.

[75] 28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added).

'in custody' under the conviction or sentence under attack at the time his petition is filed."[76] However, Petitioner's sentence on the sexual battery conviction expired on May 15, 2021.[77] The instant federal habeas petition was filed on June 7, 2021. Although Petitioner remains in custody while serving his aggravated rape sentence, he was no longer in custody with respect to the sexual battery conviction because his concurrent sentence imposed has already expired.[78] For these reasons, this Court does indeed lack subject matter jurisdiction with respect to Petitioner's challenge to his sexual battery conviction.

## V. Conclusion

For the reasons stated above, Petitioner has not shown that the state court's denial of relief on his ineffective assistance of counsel claims was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Furthermore, the Court does not have jurisdiction to consider Petitioner's excessive sentence claim. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Rogelio Gonzalez's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

---

[76] *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (quoting *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

[77] Rec. Doc. 9-1.

[78] *See Mays v. Dinwiddie*, 580 F.3d 1136, 1140-41 (10th Cir. 2009); *Sweet v. McNeil*, 345 F. App'x 480 (11th Cir. 2009); *Mendiola v. Stephens*, Civ. Action No. 1:14-261, 2016 WL 1104854, at *3 (S.D. Tex. Feb. 23, 2016) ("When a prisoner is serving concurrent sentences and the shorter sentence has expired – but the prisoner is still incarcerated for the longer sentence – the prisoner is no longer considered to be in custody for the expired sentence."), adopted, 2016 WL 1090238 (S.D. Tex. Mar. 21, 2016).

**IT IS FURTHER ORDERED** that Petitioner's federal habeas corpus claims related to his aggravated rape of a juvenile conviction are **DISMISSED WITH PREJUDICE**. Petitioner's federal habeas corpus claims related to his sexual battery of a juvenile conviction are **DISMISSED WITHOUT PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this 14th day of September, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**